**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| ANTONIO JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Cause No.:   24-cv-135 |
| | ) | |
| MISSOURI DEPARTMENT OF CORRECTIONS, | ) | |
| | ) | |
| | ) | **Jury Trial Demanded** |
| DAVID VANDERGRIFF, in his individual and official capacities, | ) | |
| | ) | |
| ANNE L. PRECYTHE, in her individual and official capacities, | ) | |
| | ) | |
| JOHN AND JANE DOE OFFICERS, in their individual and official capacities, | ) | |
| | ) | |
| CORIZON HEALTH, INC., nka TEHUM CARE SERVICES, INC., | ) | |
| | ) | |
| | ) | |
| JOHN AND JANE DOE NURSES in their Individual and official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

### Parties and Jurisdiction

1.      Plaintiff Antonio Johnson is a resident of Missouri.  At all times relevant, he was incarcerated in Missouri Department of Corrections at the Eastern Reception Diagnostic and Correctional Center in Bonne Terre, St. Francois County Missouri (hereinafter "ERDCC").

2.      Defendant Missouri Department of Corrections (hereinafter "DOC") is a state agency that operates Eastern Reception Diagnostic Correction Center, and is headquartered in Jefferson City, Missouri.

1

3.     At all times relevant herein, Eastern Reception and Diagnostic Correction Center of Bonne Terre, St. Francois County, Missouri was the institution in which Plaintiff Antonio Johnson was confined.

4.     At all times relevant herein, Defendant Anne L. Precythe was the Director of the Missouri Department of Corrections ("DOC").  She is sued in her individual and official capacities as current Director of DOC.

5.     Upon information and belief, at all times relevant herein, Defendant David Vandergriff was the acting warden of the Eastern Reception and Diagnostic Correction Center of the Missouri Department of Corrections in Bonne Terre, St. Francois County, Missouri.  Defendant David Vandergriff was employed by the State of Missouri Department of Corrections.  Defendant David Vandergriff (hereinafter "Defendant Vandergriff") is sued in his official and individual capacity.

6.     Defendants John and Jane Doe Officers (hereinafter "Officer Defendants") are corrections officers across all ranks, including supervisors, working at ERDCC on or about August 7, 2021. Each of these officers were charged with monitoring Plaintiff and ensuring he received appropriate medical care for injuries and medical emergencies or were working the shift in which Plaintiff suffered the medical emergencies and injuries complained of herein and violated ERDCC protocol by handcuffing or otherwise restraining his hands behind his back while he was having a seizure, failed to remove Plaintiff's restraints while he was having a seizure, or failed to train, instruct, or supervise subordinate officers to follow ERDCC procedures and protocols. Furthermore, these officers were responsible for ensuring that Plaintiff received the medical diagnostic testing that was ordered following his seizures, but nevertheless failed to obtain it. These officers are sued in their individual and official capacities.

7.      Defendant Corizon, nka Tehum Care Services, Inc., is a limited liability company headquartered at 103 Powell Court, Brentwood, TN 37027. Upon information and belief, Defendant Corizon, nka Tehum Care Services, Inc. (hereinafter "Defendant Corizon") has a contractual agreement with the State of Missouri to provide medical services to offenders in the Missouri Department of Corrections. At all times pertinent hereto, Defendant Corizon has held itself out as a professional healthcare provider with specialized expertise in providing medical care in correctional facilities and was under contract to provide medical services to inmates at ERDCC, including Plaintiff. At all times mentioned herein, Defendant Corizon has acted individually and by and through its agents, servants, and employees. Defendant Corizon's Registered agent is CT Corporation System, located at 120 S. Central Ave, Clayton, MO 63105.

8.      At all times relevant hereto, Defendants John and Jane Doe Nurses (hereinafter "Nurse Defendants") are nurses employed by Corizon working at ERDCC on or about August 7, 2021 and interacted with Plaintiff in response to his medical emergencies, assessed him during his seizures, and/or treated him for follow-up care relating to the seizures and/or injuries and pain he experienced to his arms.  Nurse Defendants were charged with assessing and treating Plaintiff and ensuring all medical orders, procedures, and protocols were followed to ensure the safety of inmates, including Plaintiff. Nurse Defendants are also responsible for ensuring Plaintiff remains safe while experiencing medical episodes, including seizures.  They are sued in their individual capacities only.

9.      At all times relevant herein, all Defendants were acting under the color of state law

10.     This is a civil rights action arising under 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments to the United States Constitution.

11.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.  Venue is proper since the Defendants are located in this District and the events giving rise to Plaintiff's claims occurred in this District.

12.     Plaintiff requests a jury trial pursuant to F.R.C.P 38(b).

## Facts Common to All Counts

13.     Plaintiff Johnson was incarcerated in ERDCC at Bonne Terre, a prison within the DOC, from November 25, 2020, to February 8, 2022.

14.     On August 7, 2021, Plaintiff began suffering from a medical emergency that had the appearance of a seizure.

15.     Officer Defendants placed Plaintiff in administrative segregation, assuming he was having a negative reaction to an unknown substance.

16.     Nurse Defendants arrived to monitor and/or provide care for Plaintiff's medical condition.

17.     While in administrative segregation Plaintiff continued to have additional seizures, identified as tonic/clonic seizures.

18.     Upon information and belief, Officer Defendants placed Plaintiff on a gurney, bench, or seat with his hands cuffed or otherwise restrained behind his back.  Plaintiff's restraints were then handcuffed or otherwise secured to the bench, gurney, or seat on which Plaintiff was sitting.

19.     Plaintiff remained restrained in this position during subsequent seizures.

20.     While restrained in this position, and during one of his additional seizures, upon information and belief, Plaintiff's body was hunched over and violently pulling forward against his arm restraints.

4

21.     Due to his arms being shackled behind his back and restrained to the bench, gurney, or seat, Plaintiff's body pulling forward as a result of the seizure caused injury to plaintiff's left shoulder, and right arm and wrist.

22.     DOC and/or Corizon have policies that prohibit shackling or otherwise restraining inmates and patients exhibiting seizure-like symptoms.

23.     Officer Defendants and Nurse Defendants had no discretion to refrain from shackling and/or otherwise restraining Plaintiff's hands behind his back.

24.     Officer Defendants and Nurse Defendants had no discretion in removing shackles or restraints from Plaintiff once he began to have, or they noticed he was having, a seizure.

25.     Officer Defendants and Nurse Defendants ignored these policies when they restrained Plaintiff behind his back and to a gurney, bench, or seat while he was having seizures, or otherwise failed to remove Plaintiff's restraints when they became aware of his seizures.

26.     After Plaintiff's seizure, he complained of pain to his left shoulder, and right arm and wrist.

27.     Despite Plaintiff's complaints of pain to his left shoulder, and right arm and wrist, Officer Defendants failed and/or refused to take him to receive medical care.

28.     Plaintiff also notified Nurse Defendants of pain to his left shoulder, and right arm and wrist, but Nurse Defendants failed and/or refused to arrange for additional evaluation and diagnostic testing.

29.     On or about August 16, 2021, Plaintiff notified a physician assigned to the jail of pain to his left shoulder, and right arm and wrist, and the physician ordered an x-ray of Plaintiff's left shoulder only.

30.     Despite ordering the x-ray the physician never followed up to ensure Plaintiff received the x-ray for approximately a month.

31.     Officer Defendants never arranged for Plaintiff to receive the ordered x-ray.

32.     Nurse Defendants never arranged for Plaintiff to receive the ordered x-ray.

33.     Vandergriff never arranged for Plaintiff to receive the ordered x-ray.

34.     On or about September 15, 2021, Plaintiff had still not received the left shoulder x-ray his physician ordered, and repeated his complaints of pain to his right arm and wrist, to the physician.

35.      On or about September 15, 2021, Plaintiff's physician made a second request for an x-ray of Plaintiff's left shoulder and a request for an x-ray of his right arm and wrist.

36.      On or about September 22, 2021, Plaintiff finally received the x-rays for his left shoulder and right arm and wrist.

37.     X-rays revealed fractures to Plaintiff's left shoulder and right arm and wrist.

38.     As a result of the delay in care, Plaintiff's prognosis was complicated, requiring plaintiff to undergo more extensive treatment with greater risk of complications.

39.     On or about October 28, 2021, Plaintiff was seen by an orthopedic specialist for evaluation of his left shoulder and right arm and wrist fractures.  The specialist further determined it was too late to intervene with the fractured left shoulder, but that Plaintiff would ultimately require a shoulder replacement at some time in his life.

40.     Upon information and belief, Defendant David Vandergriff had the responsibility and authority to arrange for Plaintiff to receive x-ray studies and or appointments with outside medical specialists to evaluate, diagnose and treat Plaintiff's injuries.

41.     Upon information and belief, Defendant Vandergriff had the responsibility and authority to arrange for Plaintiff to receive additional evaluation and/or treatment, but failed to do so.

42.     Upon information and belief, Defendant Vandergriff had the responsibility to ensure Officer Defendants did not restrain inmates during seizures, or otherwise fail to remove restraints of inmates when they became aware a restrained inmate is having a seizure.

43.     Upon information and belief, DOC has continuously and deliberately failed to train, supervise, control and discipline its employees who violate inmates' constitutional rights by restraining them during seizures, showing a policy, custom and practice, or otherwise failed to remove Plaintiff's restraints when they became aware of his seizures.

44.     Upon information and belief, Defendant DOC purchased insurance to cover these claims, and therefore waived sovereign immunity.

45.     Alternatively, but without waiver of the foregoing, upon information and belief Defendant DOC has entered into a contract with Defendant Corizon, which, among other things, required Corizon to purchase and maintain a liability insurance policy and to name DOC as an additional insured thereby waiving sovereign immunity for DOC.

46.     Defendants' conduct was wanton, willful, deliberate and showed a deliberate indifference to Plaintiff's rights.

### Count I: Municipal Custom and/or Failure to Instruct, Train, Supervise, Control and/or Discipline Under 42 U.S.C. § 1983 (vs. Defendants DOC, Precythe, and Vandergriff)

For Count I of Plaintiff's cause of action against the Defendants DOC, Precythe, and Vandergriff, Plaintiff states as follows:

47.     Plaintiff incorporates by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

48.     Plaintiff's clearly established constitutional rights were violated as described in detail above.

49.     Upon information and belief, there exist within DOC widespread customs, practices and usages that are so pervasive that they constitute the policies of Defendants DOC, Precythe, and Vandergriff which caused the constitutional deprivation set forth herein, including but not limited to:

    a.  Shackling or otherwise restraining inmates with their hands behind their backs during a seizure;

    b.  Ignoring the serious medical needs and vulnerability of ERDCC inmates;

    c.  Failing to inform medical personnel when an inmate reports a serious medical condition to correction officers or requests medical treatment to ensure that the inmate receives care before the condition is aggravated;

    d.  Medical staff failing to respond to serious medical needs and/or medical emergencies;

    e.  Ignoring the policies and procedures of the ERDCC by encouraging and/or permitting correction officers to ignore serious medical conditions until it is too late to treat them; and

    f.  Failing to adequately train, supervise, control, and/or discipline correction officers and medical staff concerning the practices described above to assure compliance with DOC and ERDCC policy and the Constitution of the United States

50.     Alternatively, but without waiver of the foregoing, the DOC training program was inadequate to train its officers to properly handle inmate medical emergencies and not to restrain inmates during seizures, the program was inadequate to train officers to properly handle inmates' complaints of serious medical needs, to include but not necessarily be limited to failing to train correction officers that they are required to obtain necessary medical testing and treatment for inmates when requested by medical staff.

51.     Defendants' failure to train in these respects evidenced a deliberate indifference to the rights of others.

52.     The deficiencies in Defendants' training procedures actually caused Plaintiff's constitutional injuries described above.

53.     Additionally, but without waiver of the foregoing, Defendants DOC, Precythe, and Vandergriff and/or others failed to supervise, control, and/or discipline corrections officers and medical personnel in ERDCC when they engaged in constitutional violations like those set forth above, such that they demonstrated a deliberate indifference to or tacit authorization of such acts on the part of the ERDCC.

54.     Defendants DOC, Precythe, and Vandergriff knew about the conduct at issue herein and facilitated it, approved it, condoned it, or turned a blind eye to it for fear of what they might see.

55.     The acts of these Defendants were taken under color of state law.

56.     Defendants' failures set forth herein were deliberately indifferent to the rights of inmates, including Plaintiff.

57.     As a direct and proximate result, Plaintiff's clearly established constitutional rights were violated and he was seriously injured.

58.     As a direct and proximate result of the acts and/or omissions set forth above, Plaintiff suffered great personal injury, pain and suffering and mental anguish.  Plaintiff suffered fractures to his left shoulder and right arm and wrist, which will require future care, severe anxiety and distress, severe mental anguish, and all said conditions led to high levels of anxiety and anguish, and these conditions caused him great physical pain and mental suffering.

WHEREFORE, Plaintiff prays this Court to enter judgment in his favor and against Defendants, jointly and severally, and thereafter:

A.      Award damages to Plaintiff for past and future medical treatment, emotional and physical pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress;

B.      Award Plaintiff punitive damages against Defendants in their individual capacities in such sum as this court believes will serve to punish them and to deter them and others from like conduct;

C.      Award Plaintiff the costs of this action, together with his reasonable attorneys' fees; and

D.      Grant such other relief as may appear to the Court to be equitable and just under the circumstances.

### Count II (in the alternative): Eighth and Fourteenth Amendment Failure to Protect; Substantial Risk of Harm Cognizable under 42 U.S.C. § 1983 (vs. All Defendants)

For Count II of Plaintiff's cause of action against All Defendants, and pled in the alternative, Plaintiff states as follows:

59.     Plaintiff incorporates by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

10

60.     Defendants have a responsibility to take measures to guarantee the safety of inmates.

61.      Defendants have a responsibility to protect those incarcerated from unreasonable conditions that pose a substantial risk of serious harm.

62.     This responsibility includes not putting inmates in compromising positions that pose a substantial risk of harm at times when inmates are experiencing significant medical emergencies, including seizures.

63.     Plaintiff was incarcerated under conditions posing a substantial risk of serious harm.

64.     Defendants knew Plaintiff faced a serious and substantial risk of serious harm.

65.     However, they nevertheless restrained Plaintiff while he was having a seizure, or otherwise failed to remove Plaintiff's restraints when they became aware of his seizures.

66.     Defendants were deliberately indifferent to the risk of harm and injury to Plaintiff, which ultimately occurred when he broke his arms while he was restrained during a seizure.

67.     Accordingly, Plaintiff's clearly established constitutional rights were violated.

68.     As a direct and proximate result of the acts and/or omissions set forth above, Plaintiff suffered great personal injury, pain and suffering and mental anguish.  Plaintiff suffered fractures to his left shoulder and right arm and wrist, which will require future care, severe anxiety and distress, severe mental anguish, and all said conditions led to high levels of anxiety and anguish, and these conditions caused him great physical pain and mental suffering.

69.     The conduct of the Defendants as set forth herein was wanton, willful, and showed a reckless indifference, justifying an award of punitive damages against them in their individual

11

capacities to punish them and to deter them and others from engaging in similar conduct in the future.

WHEREFORE, Plaintiff prays this Court to enter judgment in his favor and against Defendants, jointly and severally, and thereafter:

A.      Award damages to Plaintiff for past and future medical treatment, emotional and physical pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress;

B.      Award Plaintiff punitive damages against Defendants in their individual capacities in such sum as this court believes will serve to punish them and to deter them and others from like conduct;

C.      Award Plaintiff the costs of this action, together with his reasonable attorneys' fees; and

D.      Grant such other relief as may appear to the Court to be equitable and just under the circumstances.

## Count III: Negligence
### (vs. DOC, Precythe, Vandergriff, Officer Defendants, Corizon, and Nurse Defendants)

For Count III of Plaintiff's cause of action against DOC, Precythe, Vandergriff, Officer Defendants, Corizon, and Nurse Defendants, Plaintiff states as follows:

70.     Plaintiff incorporates by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

71.     Upon information and belief, Defendant DOC purchased insurance to cover these claims, and therefore waived sovereign immunity.

72.     Alternatively, but without waiver of the foregoing, upon information and belief Defendant DOC has entered into a contract with Defendant Corizon, which, among other things,

required Corizon to purchase and maintain a liability insurance policy and to name DOC as an additional insured thereby waiving sovereign immunity for DOC.

73.     Defendants owed a duty of care to ensure the safety of inmates and detainees in ERDCC, specifically Plaintiff.  This duty included the duty not to restrain inmates, specifically Plaintiff, during medical emergencies, including seizures.

74.     Defendants breached their duty of care by acts or omissions that included but were not necessarily limited to shackling or otherwise restraining Plaintiff with his hands behind his back during a seizure, allowing Plaintiff to be shackled or otherwise restrained with his hands behind his back during a seizure, and not removing shackles or restraints from Plaintiff's hands while he was having a seizure to ensure his safety.

75.     The actions in Paragraph 74 were ministerial duties and Defendants had no discretion in same.

76.      As a direct and proximate result of the acts and/or omissions set forth above, Plaintiff suffered great personal injury, pain and suffering and mental anguish.  Plaintiff suffered fractures to his left shoulder and right arm and wrist, which will require future care, severe anxiety and distress, severe mental anguish, and all said conditions led to high levels of anxiety and anguish, and these conditions caused him great physical pain and mental suffering.

77.     The conduct of the Defendants as set forth herein was wanton, willful, and showed a deliberate indifference, justifying an award of punitive damages against them in their individual capacities to punish them and to deter them and others from engaging in similar conduct in the future.

WHEREFORE, Plaintiff prays this Court to enter judgment in his favor and against Defendants, jointly and severally, and thereafter:

A.      Award damages to Plaintiff for medical treatment, emotional and physical pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress;

B.      Award Plaintiff punitive damages against Defendants in their individual capacities in such sum as this court believes will serve to punish them and to deter them and others from like conduct; and

C.      Grant such other relief as may appear to the Court to be equitable and just under the circumstances.

Respectfully submitted,

PLEBAN & ASSOCIATES LAW, LLC

by:     /s/ Benjamin P. Kates
Benjamin P. Kates, MO Bar No. 65557
bkates@plebanlaw.com
J.C. Pleban, MO Bar No. 63166
jc@plebanlaw.com
2010 S. Big Bend Blvd.
St. Louis, MO 63117
314-645-6666
314-645-7376 (FAX)

*Attorneys for Plaintiff*

14