UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTONIO JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:24-CV-135-ZMB ) |
| MISSOURI DEPARTMENT OF CORRECTIONS, et al., | ) ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Before the Court is Defendants Missouri Department of Corrections, David Vandergriff, Anne L. Precythe, Kurt Weiss, and Gary Fenwick's ("MDOC Defendants") Motion for Leave to File Motion for Judgment on the Pleadings out of Time. Doc. 107. In light of MDOC Defendants self-admitted lack of diligence, the Court cannot find good cause and thus denies their motion.

## **BACKGROUND**

**I.     Background**

The docket reveals an ongoing lack of diligence on the part of a string of former attorneys for the MDOC Defendants. Johnson filed his initial complaint in January 2024. Doc. 1. MDOC Defendants chose not to file a potentially viable motion to dismiss, instead answering the complaint. Doc. 5. Later, following the filing of the First Amended Complaint in late 2024, Doc. 46, MDOC Defendants again chose to answer, Doc. 60. After the close of discovery, Johnson filed a partial motion for summary judgment against Weiss on his Eighth Amendment and state-law negligence claims. Doc. 83. Despite multiple extensions, Docs. 92, 94, 102, MDOC Defendants' ultimate opposition barely qualified as such, as it raises only superficial arguments against Johnson's Eighth Amendment claim and entirely ignores the substance of the negligence claim, *see* Doc. 103.

After the motion for summary judgment was fully briefed, but prior to this Court's decision, new counsel entered in the case for MDOC Defendants. Doc. 105. Shortly afterwards, and to her credit, the new attorney sought leave to file a motion for judgment on the pleadings out of time. Doc. 107. Given the rapidly approaching trial date, the Court set an expedited briefing schedule and hearing on the issue. Doc. 109. The matter is now ripe for resolution. Docs. 110, 111.

## LEGAL STANDARD

In order to assist with the orderly disposition of cases, courts are required to enter a scheduling order. FED. R. CIV. P. 16(b)(1). "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by litigants without peril." *Hayes v. Daniel*, 2021 WL 4304702, at *2 (W.D. Ark. Aug. 25, 2021) (internal modifications omitted). The Eighth Circuit has emphasized that it "do[es] not take case management orders lightly, and will enforce them." *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001). To modify a scheduling order, a party must show "good cause" and get the "judge's consent." FED. R. CIV. P. 16(b)(4).

The application of the "good-cause standard is not optional." *Cheeks v. Belmar*, 162 F.4th 899, 907 (8th Cir. 2025) (citation omitted). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks*, 532 F.3d 709, 716 (8th Cir. 2008). A moving party may fail to show "good cause when there has been no change in the law, no newly discovered facts, or any other changed circumstance . . . after the scheduling deadline for amended pleadings." *Id.* at 718 (quotation omitted); *see also Ellingsworth v. Vermeer Mfg. Co.*, 949 F.3d 1097, 1100 (8th Cir. 2020). Further, the Court may consider "prejudice to the nonmovant resulting from modification of the scheduling order" but generally will not do so "if the movant has not been diligent." *Sherman*, 532 F.3d at 717.

**DISCUSSION**

As a threshold matter, the Court finds that MDOC Defendants have not been diligent with respect to the deadlines in this case, including the dispositive-motion deadline. To their credit, they admitted as much in their motion for leave and at the status conference. *See* Doc. 107 ¶ 6; Doc. 113. Most significantly, they have had access to both the factual and legal bases for their newfound defenses since this case was filed 2 years ago. Nonetheless, they waited to assert these *pleading* deficiencies until after the completion of discovery and briefing on summary judgment.

In an effort to meet their burden of showing good cause for this delay, MDOC Defendants cite only the "changed circumstance" of a new Assistant Attorney General taking over the case. Doc. 107 ¶¶ 3–4. But "retention of new counsel by itself is not sufficient to establish good cause." *Signa Dev. Servs. v. Am. Int'l Materials*, 2025 WL 2201092, at *4 (D. Neb. Aug. 1, 2025) (collecting cases); *Structural Polymer Grp. v. Zoltek Corp.*, No. 4:05-CV-321-CEJ, 2007 WL 1083758, at *2 (E.D. Mo. Apr. 11, 2007) (same). The good-cause standard is predicated on "the *movant's* diligence" and not the attorney's, *see Sherman*, 532 F.3d at 716, which is perhaps why it is unsurprising that MDOC Defendants have not cited a single case accepting this excuse as a basis for good cause. In fact, courts have found even negligence on the part of a previous attorney does not justify untimely modifications of a scheduling order. *Hussain v. Nicholson*, 435 F.3d 359, 364 (D.C. Cir. 2006). Thus, while the Court is sympathetic to the new attorney, second guessing prior counsel's strategic decisions does not equate to good cause. *See Austin Prop. Assocs. v. Huntington Beach 2, L.L.C.*, 747 F. App'x 1000, 1002 (5th Cir. 2019).

Moreover, while the Court need "not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines," *see Sherman*, 532 F.3d at 717, Johnson would be severely prejudiced if the Court granted this motion. Johnson has gone through the expense of

3

discovery and fully briefing a summary judgment motion on the question of Weiss's liability. *See* Docs. 83, 103, 104. Despite that, MDOC Defendants ask the Court to set aside that ripe motion to rule on their own dispositive motion they seek to file 3 months after the deadline. In contrast, MDOC Defendants likely will have the opportunity to assert at least some of these defenses down the road, *see, e.g.*, FED. R. CIV. P. 50, even if it would have been preferable for everyone had they streamlined this case sooner.

## CONCLUSION

Accordingly, the Court **DENIES** MDOC Defendants' [107] Motion for Leave to File Motion for Judgment on the Pleadings out of Time.

So ordered this 22nd day of January 2026.

_____
ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE