UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ANTONIO JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:24-CV-135-ZMB |
| | ) | |
| KURT WEISS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Antonio Johnson's Motion for Summary Judgment on Counts II and III against Officer Weiss. Doc. 83. While Defendant Kurt Weiss has accepted Johnson's Statement of Undisputed Material Fact, Doc. 85 ("SUMF"), for purposes of summary judgment, *see* Doc. 103 at 1 n.1, Johnson is entitled only to partial judgment as a matter of law on the factual record he presented to the Court. Accordingly, the Court grants in part Johnson's motion.

## BACKGROUND

### I.    Factual Background

Johnson was incarcerated at the Eastern Reception Diagnostic and Correctional Center in Bonne Terre, Missouri, when he suffered a seizure. SUMF ¶¶ 1–2.[1] Weiss was on duty as a corrections officer that day. Doc. 46 ¶ 6; Doc. 60 ¶ 6. After responding to Johnson's seizure, Weiss called a "Code 16" indicating a medical emergency. SUMF ¶ 3. Weiss does not recall any details about the incident, *id.*, as seizures are "at least a weekly occurrence," Doc. 85-3 at 6. However, a "Serious Incident Report" lists him as the only officer involved in the initial response. Doc. 85-2.

---

[1] While the documents Johnson cites to support the SUMF occasionally differ from the fact he asserts, the Court accepts the SUMF in its entirety based on Weiss's acceptance of it for summary-judgment purposes. *See* Doc. 103 at 1 n.1; E.D. MO. L.R. 4.01(E) (noting that a SUMF "shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party).

While not mentioned in the SUMF, the Amended Complaint asserts that Weiss originally responded to the medical emergency but that Weiss, Defendant Gary Fenwick, and various unnamed officers were responsible for putting him in administrative segregation and placing him "on a gurney, bench, or seat with his hands cuffed or otherwise restrained behind his back." Doc. 46 ¶¶ 21–29. Other than Weiss's initial involvement, Defendants denied each of these allegations. Doc. 60 ¶¶ 21–29. The only new information following discovery is Johnson's submission of undisputed expert testimony that his injures were the result of being handcuffed behind his back during a seizure, SUMF ¶ 17, and Weiss's acknowledgement of an MDOC policy mandating a front restraint if an inmate needs to be secured during a medical emergency to prevent injury to the inmate. *Id.* ¶¶ 8–9.

## II.   Procedural Background

Johnson moved for summary judgment in October 2025. Doc. 83. Weiss filed a timely response in opposition but expressly accepted Johnson's statement of material undisputed facts for purposes of the motion. Doc. 103 at 1 n.1. Several weeks later, Johnson filed his reply. Doc. 104. Nearly a month later, the Court received notice that the attorney representing the Defendants had left employment with the Missouri Attorney General's Office and that a new attorney would be entering in his place. Doc. 106. Concurrently, the new attorney filed a Motion for Leave to File Motion for Judgment on the Pleadings out of Time. Doc. 107. After setting an expedited briefing schedule and hearing, Docs. 109, 113, the Court denied that motion, Doc. 116. Shortly thereafter, Johnson settled his claims against Defendant Tehum GUC Liquidating Trust, Doc. 114, and later dismissed all but Weiss, Fenwick, and John and Jane Doe Defendants from this action, Doc. 127.

**LEGAL STANDARD**

Summary judgment may be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A genuine issue for trial exists when a reasonable jury could return a verdict for the nonmoving party." *Huber v. Westar Foods, Inc.*, 139 F.4th 615, 620 (8th Cir. 2025) (internal quotation marks omitted). "When deciding a motion for summary judgment, a court is required to view disputed facts in the light most favorable to the nonmoving party, drawing all reasonable inferences in its favor." *Sherr v. HealthEast Care Sys.*, 999 F.3d 589, 597 (8th Cir. 2021).

**DISCUSSION**

Despite Weiss's acceptance of the SUMF, after drawing all inferences in his favor, the Court holds that Johnson is entitled only to partial summary judgment on the question of whether his injuries were caused by being handcuffed behind his back during a seizure. He otherwise fails to show entitlement to judgment on his Eighth Amendment deliberate indifference claim and Missouri negligence claim.

I.      **Eighth and Fourteenth Amendment Failure to Protect**

The first of Johnson's remaining claims is for the violation of his Eighth and Fourteenth Amendment rights. However, given the limited factual record, he has failed to show that a reasonable jury could return a verdict in his favor. As such, the Court must deny summary judgment.

The Eighth Amendment's prohibition on "cruel and unusual punishment" has been extended to protect prisoners from deliberate indifference to their serious medical needs. *A.H. v. St. Louis Cnty.*, 891 F.3d 721, 726 (8th Cir. 2018). The test for deliberate indifference "requires both an objective and a subjective analysis." *Whitney v. City of St. Louis*, 887 F.3d 857, 860 (8th Cir. 2018). Thus, Johnson must show both the objective prong—that he "suffered from an objectively

3

serious medical need"—and the subjective prong—that "the defendant knew of, and yet deliberately disregarded, that need." *Headley v. Centurion of Missouri LLC*, No. 2:23-CV-52-HEA, 2025 WL 973837, at *4 (E.D. Mo. Mar. 31, 2025) (citation omitted). Further, deliberate indifference is a "highly culpable state of mind that resembles criminal-law recklessness and approaches actual intent." *Hamilton v. Earl*, 166 F.4th 1143, 1146 (8th Cir. 2026).

Here, drawing all inferences in Weiss's favor, the facts as presented in the SUMF and accompanying records do not establish that Weiss was deliberately indifferent to Johnson's medical needs. Weiss admitted at his deposition that he was aware of MDOC's policy against back restraints for prisoners undergoing seizures and that the policy was motivated by inmate safety concerns. Doc. 85 ¶¶ 8–12; Doc. 85-3 at 8–10. But "violations of prison policy or regulations alone are not enough to establish deliberate indifference under the Eighth Amendment." *Johnson v. Schurman*, 145 F.4th 897, 905 (8th Cir. 2025). And critically, nothing in the record suggests that Weiss was aware of that the restraint policy at the time of the incident, which was nearly 4 years before his deposition. Doc. 85-3 at 1–2. In other words, the Court would need to draw an impermissible inference in Johnson's favor to conclude that Weiss knew about the policy at the time of the incident for purposes of assessing his mental state. *See Sherr*, 999 F.3d at 597 (the Court must "draw[] all reasonable inferences in [the non-movant's] favor.").

More importantly, Johnson fails to supply any facts regarding Weiss's role in restraining him. While Weiss is listed as the only responder on a report prepared after the incident, Doc. 85-2, Johnson's own Amended Complaint indicates there was a time gap between Weiss's initial response and Johnson's placement in administrative segregation and restraint once he was there. Thus, there is no evidence in the record indicating that Weiss played any role in restraining Johnson or that he deliberately ignored the resulting danger to Johnson. And while this factual void is, in

4

part, due to Weiss's lack of memory, "the Eighth Amendment does not . . . impose liability for lack of recollection." *See Hodges v. Dep't of Corr.*, 61 F.4th 588, 592 (8th Cir. 2023).

Given Johnson's silence as to who was responsible for restraining him, the high mental state required for a holding of deliberate indifference, and the requirement to draw all inferences in Weiss's favor, the Court holds that "a reasonable jury could return a verdict" in his favor. *Huber*, 139 F.4th at 620. Accordingly, there is insufficient evidence to show that Weiss was deliberately indifferent, and Johnson's Eighth Amendment claim fails.

## II.     Missouri Negligence Claim

Johnson's final claim is for negligence under Missouri law. However, similar to his claim above, he has failed to meet his burden and demonstrate a link between Officer Weiss and the shackling which led to his injury.

To prove a negligence claim in Missouri, a plaintiff must show "(1) a legal duty owed to the plaintiff by the defendant; (2) a breach of that duty by the defendant; (3) proximate cause; and (4) injury to the plaintiff." *Campbell v. Baxter Int'l*, 697 S.W.3d 36, 42 (Mo. Ct. App. 2024). In the prison-medicine context, Missouri courts have held that "[t]he duty owed is generally measured by whether or not a reasonably prudent person would have anticipated danger and provided against it." *Geiger v. Bowersox*, 974 S.W.2d 513, 516 (Mo. Ct. App. 1998) (citation omitted).

As an initial matter, Weiss effectively failed to respond to this argument in his opposition to summary judgment. *See* Doc. 103 n.2 (contending, in a footnote, that Johnson's negligence argument fails without providing any argument). But the Court still must find that the movant is entitled to judgment as a matter of law. *Giles v. Saint Luke's Northland-Smithville,* 908 F.3d 365, 369 (8th Cir. 2018) ("Even if a motion for summary judgment on a particular claim stands unopposed, the district court must still determine that the moving party is entitled to judgment as

5

a matter of law on that claim.") (citation omitted). Similar to Johnson's Eighth Amendment claim, lack of evidence regarding proximate cause prevents an award of summary judgment in his favor. In particular, while there is no dispute that Weiss initially responded to the medical emergency, the SUMF and accompanying record are utterly silent as to who was responsible for Johnson's restraints before and during his seizures, despite naming multiple potential actors in the Amended Complaint. *See* Doc. 46 ¶¶ 26, 29. As such, Johnson's negligence claim fails for similar reasons to his Eighth Amendment claim.

### III.  Partial Summary Judgment on Injury Causation

Johnson alternatively moves for partial summary judgment as the cause of his injuries, Doc. 84 at 9, and Defendants do not oppose this request, Doc. 103. Indeed, undisputed expert testimony confirms that Johnson suffered injuries consistent with being handcuffed behind his back during a seizure, SUMF ¶ 17, which sufficiently establishes that the manner of restraint was responsible for Johnson's injuries. Thus, Johnson is entitled to his unopposed alternative request for partial summary judgment, and the Court will instruct the jury accordingly.

### IV.  Show-Cause Order for Service on John and Jane Doe Defendants

After reviewing the docket, the Court notes that there are still unserved Defendants in this case—namely, John and Jane Doe Officers and John and Jane Doe Nurses. Given the 90-day deadline for service under Rule 4(m) has long elapsed, Doc. 46 (operative complaint filed Nov. 6, 2024), the Court orders Johnson to show cause why the action should not be dismissed against the unserved Defendants for insufficient service. *See United Pentecostal Church Int'l v. Doe*, No. 4:25-CV-27-MTS, 2025 WL 1663983, at *1 (E.D. Mo. June 12, 2025) (collecting cases). Accordingly, the Court orders that, no later than May 1, 2026, Johnson must either effect service on Defendant John and Jane Doe Officers and John and Jane Doe Nurses, show cause in writing

why the Court should not dismiss these Defendants without prejudice for insufficient service, or voluntarily dismiss them as parties to this action.

## CONCLUSION

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff Antonio Johnson's [83] Motion for Summary Judgment on Counts II and III against Officer Kurt Weiss. Further, the Court **ORDERS** that, no later than May 1, 2026, Johnson must either effect service on Defendants John and Jane Doe Officers and John and Jane Doe Nurses, show cause in writing why the Court should not dismiss these Defendants without prejudice for insufficient service, or voluntarily dismiss them as parties to this action.

So ordered this 20th day of April 2026.

ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE